Gaston, Judge.
 

 The only question presented by this ■appeal is, whether Benjamin Bustin, the half brother of the intestate, Patience Pitts, born ten months and a half after her decease, is entitled under the statutes of distribution to a share of her personal estate, in common with her brothers and sisters living at her death. This ^statute is in the nature of a will framed by the legislature, for all such persons as die without making one for themselves, and directing the disposition to be made of the property upon the death of its owners. After payment of debts the administrator is ordered to distribute the surplus among the lawful friends qf the deceased. In England he is prohibited from making the distribution until a year after the death of his intestate; and in this state he cannot be compelled to make distribution until two years after his appointment. But the rule nevertheless is, that the
 
 light
 
 to the.distfibütive share vests at the death of the intestate.
 
 Edwards
 
 v.
 
 Freeman,
 
 2 P.
 
 *78
 
 Wms. 442-446. It is said, the rule is liable to an exception in the case of a child in
 
 ventre sa mere.
 
 In truth, however, a child in
 
 ventre sa mere,
 
 is held capable of taking a distributive share, because for all beneficial purposes, it is in
 
 reram natura,
 
 is regarded as actually
 
 in esse. Wallis
 
 v.
 
 Hodson,
 
 2 Atk. 115.
 
 Burnett
 
 v.
 
 Mann,
 
 1 Ves. Sr. 156.
 
 Hill
 
 v.
 
 Moore,
 
 1 Murph. 233. The very reason on which these adjudications are founded, shows that one not in being, and not considered as in being at the death of an intestate, can, under the statute of distributions, prefer no claim to a share of that intestate’s estate. It is not stated in this case, nor can we infer from the facts set forth, that Benjamin Bustin was in
 
 ventre sa mere
 
 at the death of Patience Pitts, and we therefore hold, that he was not entitled to the distributive share claimed for him in her personal estate.
 

 The decree below is affirmed with costs.
 

 Per Curiam. Decree affirmed.